**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ADRIAN DESOTO,**

    **Plaintiff,**

vs.

**GEICO GENERAL**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADRIAN DESOTO, hereinafter referred to as "PLAINTIFF" by and through his undersigned attorneys, hereby sues the Defendant, GEICO GENERAL INSURANCE COMPANY hereafter referred to as "DEFENDANT" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

3. Plaintiff is a resident of Polk County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Polk County.

1

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began his employment with Defendant on or about August 5, 2013, as a PIP and Liability Adjuster.

10. Plaintiff was promoted six times throughout his employment, most recently he received a promotion in May 2019, to the position of Level TCR2 Bodily Injury Supervisor.

11. Plaintiff was assigned a new manager in March 2020.

12. On May 4, 2020, Plaintiff began an approved Family Medical Leave of Absence.

13. Prior to beginning his FMLA protected leave, Plaintiff informed his manager that if any promotional opportunities were to come up during his absence that he was interested in being considered for and in competing for the position.

14. Plaintiff returned from his FMLA protected leave on June 22, 2020.

15. During Plaintiff's FMLA protected leave, a CU Level Supervisor position became available which Plaintiff was not informed about despite his expressions of interest.

16. Plaintiff complained to his manager and Human Resources that he felt his not being

notified or considered for the position was an FMLA violation.  However, nothing was done.

17. Shortly after his complaint, on July 10, 2020, Plaintiff's manager asked him to write a statement regarding an extra contractual claim payment on one of his files, which Plaintiff did.

18. On Friday August 14, 2020, Plaintiff was again out for an FMLA protected leave.

19. Upon his return on Monday August 17, 2020, Plaintiff learned that his manager had transferred eight settled claims that would have been credited to Plaintiff and his subordinate, who was also out on an approved FMLA absence on August 14, 2020.

20. Plaintiff again complained to his manager that he and his subordinate were being retaliated against because of taking FMLA leave.

21. Shortly thereafter, on August 20, 2020, Plaintiff's manager asked him to redo the statement regarding the extra contractual claim for which he was asked 6 weeks earlier to write a statement following his initial return from FMLA leave in June.  Plaintiff found this odd but nevertheless complied.  Plaintiff submitted the statement the morning of August 24, 2020.

22. Later that the same day, Plaintiff's manager issued him a disciplinary warning which skipped several steps of Defendant's progressive disciplinary policy ("documented conversation", "written memo") and was issued untimely.

23. On August 31, 2020, Plaintiff submitted another complaint to Human Resources alleging retaliation for his FMLA protected leave.

24. During the second week in September a Human Resources representative contacted Plaintiff regarding his concerns.  Plaintiff provided her with a detailed history and summary of his concerns.

25. Thereafter, on October 1, 2020, Plaintiff emailed the Human Resources

representative requesting status of his complaint as he had not heard back from her. She informed him the investigation was continuing, and she would let him know if she needed him for anything else.

26. The following day, October 2, 2020, Plaintiff was locked out of his system and terminated.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

28. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

29. Defendant's actions constitute violations of the FMLA.

30. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

31. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

32. Defendant retaliated against Plaintiff for asserting his FMLA rights.

33. Defendant's actions constitute violations of the FMLA.

34.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

### COUNT III
### (Florida's Private Whistleblower's Act)

35     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

36.     This is an action for damages pursuant to Florida's Private Whistleblower's Act. F.S. §448.101 et seq.

37.     Defendant retaliated against Plaintiff as set forth above because he objected to and/or refused to participate in violations of various laws, rules, or regulations.

38.     The retaliatory actions of Defendant violate the Florida Private Whistleblower Act.

39.     As a result of all the retaliatory actions of Defendant Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant and for back pay and benefits; interest on back pay; front pay and/or lost earning capacity; compensatory damages; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

Dated this 30th day of October 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin

5

>
> Florida Bar No. 907804
> wolfgang@fgbolaw.com
> Christopher D. Gray
> Florida Bar No.: 0902004
> chris@fgbolaw.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 254-5255
> Facsimile (727) 483-7942
> Attorneys for Plaintiff